RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
8 / 18 / 15
cyt

UNITED STATES DISTRICT COURT

b

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

ROBERT SCOTT,
Plaintiff

CIVIL ACTION
SECTION "P"
NO. 1:14-CV-00956

VERSUS

CORRECTIONS CORPORATION OF AMERICA, et al.,
Defendants

JUDGE JAMES T. TRIMBLE, JR.
MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Defendant James LeBlanc filed a motion to dismiss (Doc. 17), which is granted.

Facts and Procedural History

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Robert Scott ("Scott") on May 7, 2014 (Doc. 1). The named defendants are Corrections Corporation of America ("CCA") (operator of the Winn Correctional Center ("WCC") in Winnfield, Louisiana),[1] Tim Keith (warden of WCC), James LeBlanc (Secretary of the Louisiana Department of Public Safety and Corrections), Daniel Marr (medical director at WCC, Dr. Singleton and Dr. Steven Kuplesky (medical doctors employed at WCC, Kristi LaBom (a licensed practical nurse employed at WCC), Linda Bryant (a registered nurse employed at WCC), and Brenda Spence (a registered nurse employed at WCC) (Doc.

[1] WCC is a privately operated prison, owned by the State of Louisiana and managed by Corrections Corporation of America.

1).[2]

Scott alleges that, while he was confined in WCC in September 2013 through February 2014, he was denied medical care for circulatory problems which developed into gangrene in his extremities, resulted in multiple amputations, and the ultimate loss of both legs and one finger. For relief, Scott asks for a declaratory judgment, compensatory damages, punitive damages, costs, and a jury trial (Doc. 1).

Keith, Labom, Marr and Singleton answered the complaint (Doc. 13) and filed a statement of issues for trial (Doc. 21). Secretary LeBlanc answered the complaint (Doc. 15) and filed a motion to dismiss (Doc. 17). LeBlanc's motion to dismiss is now before the court for disposition.

## Law and Analysis

### Motion to Dismiss

In his motion to dismiss (Doc. 17), LeBlanc contends that he has Eleventh Amendment immunity from suit in his official capacity, that Scott has not made any specific factual allegations that

---

[2] Linda Bryant and Dr. Kuplesky were never served because they are no longer employed at WCC and no forwarding address was available (Doc. 11). An order has been issued for defendants to provide their forwarding addresses.

CCA was also never served because Scott does not have their address (Doc. 27). An order has been issued for service on CCA by the Clerk of Court.

Brenda Spence was also not served because her first name was incorrect (Doc. 11). An order has been issued for service of a corrected summons on Spence.

involve LeBlanc, and that he cannot be held vicariously liable to Scott.

A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hirras v. National Railroad Passenger Corp., 10 F.3d 1142, 1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231, 114 S.Ct. 2732 (1994); Doe, 753 F.2d at 1102. For the purposes of a motion to dismiss for failure to state a claim upon which relief can be granted, the factual allegations of the complaint must be taken as true, and any ambiguities must be resolved in favor of the pleader. Doe v. U.S. Dept. of Justice, 753 F.2d 1092, 1101 (D.C.Cir. 1985). It is presumed that general allegations embrace the specific facts that are necessary to support the claim. National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 114 S.Ct. 798, 803 (1994), citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 2137 (1992).

1.

The Eleventh Amendment bars suit against a state official when the state is the real substantial party in interest. An official

capacity suit against a state officer is not a suit against the official but rather against the official's office. As such it is no different from a suit against the state itself. Neither a state nor its officers acting in their official capacities are "persons" under §1983. Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 258, 362 (1991). Also, Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304 (1989); Voisin's Oyster House v. Guidry, 799 F.2d 783, 788 (5th Cir. 1986). Therefore, Secretary LeBlanc is entitled to absolute immunity from this suit in his official capacity.

2.

In his individual capacity, Secretary LeBlanc contends he cannot be held vicariously liable for the acts and omissions of others in his capacity as a supervisor. Scott appears to have named Secretary LeBlanc as a defendant in this case in his capacity as a supervisor, since Scott has not made any specific factual allegations which involve LeBlanc.

The doctrine of respondeat superior, which makes an employer or supervisor liable for an employee's alleged tort, is unavailable in suits under 42 U.S.C. §1983. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). Well settled §1983 jurisprudence establishes that supervisory officials cannot be held vicariously liable for their subordinates' actions. Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional

policies that causally result in plaintiff's injury. Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), cert. den., 508 U.S. 951, 113 S.Ct. 2443 (1993); Thompkins, 828 F.2d at 303.

Scott has not alleged or offered any proof of any acts or omissions by LeBlanc or any unconstitutional policies implemented by LeBlanc which have deprived Scott of his constitutional rights.

Therefore, it is recommended that LeBlanc's motion to dismiss (Doc. 17) be granted.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that LeBlanc's motion to dismiss (Doc. 17) be GRANTED and that Scott's action against LeBlanc be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 18th day of August 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE